

**Sacco & Fillas, LLP**
Attorneys at Law

31-19 Newtown Avenue
Seventh Floor
Astoria, NY 11102

Tel: 718 746-3440
Direct: 718 269-2243
Direct Fax: 718 559-6517

ctucker@saccofillas.com
www.saccofillas.com

Tonino Sacco*
Elias N. Fillas
Luigi Brandimarte*

Elizabeth A. Athenas
Joseph Badalov
James R. Baez*
Alexander Berger*
Boris Bernstein*
Eric S. Cantor
David A. Craven
Alex Diaz
Kurt A. Doiron
Joanne Ciaramella
Ronald B. Groman
Zachary S. Kaplan
Joseph Katz
James Kim
Elliot L. Lewis
Patricia R. Lynch
Albert R. Matuza, Jr.
Patrick J. McGrath
Lamont K. Rodgers
Richard E Schirmer
Morris J. Schlaf*
David E. Silverman
Cindy S. Simms
Michael A. Simon
U. William Sung
Clifford R. Tucker
Michael S. Warycha
Dana M. Whitfield
James A. Wolff

*Also admitted in New Jersey

Bayside Office:

42-40 Bell Boulevard
Suite 300
Bayside, NY 11361

New Jersey Office:

2160 North Central Road
Suite 100-3
Fort Lee, NJ 07624

APPLICATION GRANTED
SO ORDERED

/s/ John G. Koeltl
3/31/22
John G. Koeltl, U.S.D.J.

March 30, 2022

Hon. John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:       Castillo v. Pichardo 2230 Restaurant Corp. et al
CASE #:   1:21-cv-08756-JGK

Your Honor:

This firm represents Plaintiff in the above-referenced action. We respectfully submit this letter requesting an Order granting leave to file the First Amended Complaint or, alternatively, requesting a pre-motion conference pursuant to the Individual Practices of Judge John G. Koeltl Section II(B).

Defendants are in default. While investigating the default, Plaintiff learned that an amendment is required regarding Plaintiff's work schedule, which differed before and after the COVID19 pandemic. Accordingly, the undersigned respectfully requests leave to file the First Amended Complaint, attached hereto as Exhibit "A." Track changes remain to show the section that was updated. Since Defendants are in default, this application is unopposed.

### Legal Standard

Leave to amend a complaint should be "freely give[n]." Fed. R. Civ. P. 15(a)(2); see also Foman v Davis, 371 US 178, 83 S Ct 227, 9 L Ed 2d 222 [1962]. A court should not deny a motion to amend unless there is evidence of undue delay, undue prejudice to the defendant, bad faith, or the proposed amendment would be futile. Foman, 371 U.S. at 182; Milanese v Rust-Oleum Corp., 244 F3d 104 [2d Cir 2001].

In this case, Defendants have not filed an answer. Discovery has not commenced. Delay was unintentional. No prejudice would arise in allowing the amendment.

Defendants would not be unduly prejudiced by the amendment of the complaint as the discovery not commenced and a trial date has not been set. See e.g., In re Everfresh Beverages, Inc., 238 BR 558 [Bankr SDNY 1999] (granting leave to amend and noting that "[w]hile many documents have been exchanged . . .the trial has not been scheduled and will not be significantly delayed by allowing the Plaintiffs to amend their pleadings."). Plaintiff has not acted in bad faith in seeking to amend the complaint early in this litigation and without clear objection from the Defense. Lastly, amendment of the complaint would not be futile.



Sacco & Fillas, LLP
Attorneys at Law

31-19 Newtown Avenue
Seventh Floor
Astoria, NY 11102

For the reasons stated above, Plaintiffs respectfully request the Court permit Plaintiff to file and serve the First Amended Complaint. We thank the Court for its attention to this matter.

Respectfully submitted,

By: ___/s/ Clifford Tucker___
Clifford Tucker, Esq.